UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
UNITED STATES OF AMERICA

    -against-                              **MEMORANDUM AND ORDER**

DONTAE SEBBERN,                        10-CR-87 (SLT)

    Defendant.
-----------------------------------------------------x

**TOWNES, United States District Judge:**

Defendant Dontae Sebbern ("Defendant") was tried before this Court in December 2012 and convicted of all but one of the nine counts on which he was indicted. Defendant now moves pursuant to Federal Rule of Criminal Procedure 36 to correct certain clerical errors in his judgment of conviction. For the reasons stated below, the motion is granted.

## *BACKGROUND*

In December 2012, Defendant went to trial on an indictment which charged him with nine counts: racketeering, racketeering conspiracy, murder in aid of racketeering, conspiracy to commit murder in aid of racketeering, possession of narcotics with intent to distribute, conspiracy to distribute cocaine and cocaine base, being a felon in possession of a firearm, and two counts of unlawful use of a firearm in furtherance of a crime of violence. On December 21, 2012, the jury found Defendant guilty of all counts except one of the counts charging unlawful use of a firearm. On August 22, 2014, the Court sentenced him to life imprisonment on each of the three top counts and to various terms of years on the remaining five counts. All of the terms of imprisonment were concurrent, except for the 60-month term of imprisonment imposed for the use of a firearm.

Defendant appealed his conviction. The Second Circuit affirmed Defendant's conviction on December 16, 2015. *United States v. Sebbern*, 641 F. App'x 18 (2d Cir. 2015) (summary

order). Defendant then petitioned the United States Supreme Court for a writ of certiorari, which was denied on October 3, 2016. *United States v. Sebbern*, 137 S. Ct. 280, 196 L. Ed. 2d 85 (2016).

In a letter dated January 29, 2017, which was received and filed by the Court on February 2, 2017 (Document 188), Defendant now requests that his judgment of conviction be amended to correct "clerical errors." Specifically, Defendant asserts that the "judgment erroneously states that [he] was adjudicated Guilty on ALL COUNTS" and "was adjudicated Guilty of 924 (c) ii AND 924 (c) iii, [w]hen in fact the Court[']s oral announcement and sentence reflects 924 (c) i." Letter to Judge Townes from Dontae Sebbern dated Jan. 29, 2017, p. 1. Defendant argues that Rule 36 of the Federal Rules of Criminal Procedure expressly permits these clerical errors in the judgment to be corrected at this juncture.

## *DISCUSSION*

Rule 36 of the Federal Rules of Criminal Procedure provides:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

This rule "authorizes a district judge, at any time, to amend the written judgment so that it conforms with the oral sentence pronounced by the court." *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995). It does not permit amendment of the oral sentence itself, but "covers only minor, uncontroversial errors." *Id.* Notice to the parties is optional under this rule "because a 'clerical mistake' should appear on the face of the record, leaving little need for adversary proceedings to clarify the issue." *Id.*

In his letter-motion dated January 29, 2017, Defendant correctly notes that the judgment contains ministerial errors. First, the judgment indicates that Defendant pled guilty to eight counts, rather than noting that he was found guilty of these counts after pleading not guilty. Second, although the judgment correctly lists the eight counts which the jury found Defendant guilty of committing, it does not indicate that the jury found Defendant not guilty of count ten of the superseding indictment: unlawful use of a firearm in connection with the drug trafficking offense charged in count nine. Third, while the judgment correctly indicates that Defendant was found guilty of count five of the superseding indictment, it suggests that he was convicted of violating 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(c)(1)(A)(iii). In fact, he was convicted only of violating 18 U.S.C. § 924(c)(1)(A)(i) and was sentenced to a consecutive term of 60 months' imprisonment for this offense.

Although Defendant's letter motion was filed more than three weeks ago, the Government has not yet responded to Defendant's motion. In light of the obvious and incontrovertible nature of the clerical errors listed above, the Court sees no purpose in directing the Government to respond to the motion at this juncture. Rather, the Court will dispense with notice and direct the Clerk of Court to amend the judgment to correct these errors.

## *CONCLUSION*

For the reasons set forth above, the Clerk of Court is directed to amend the judgment in this case to reflect 1) that Defendant was convicted after a jury trial, not upon his plea of guilty; 2) that Defendant was acquitted of count ten of the superseding indictment, charging him with unlawful use of a firearm in connection with the drug trafficking offense charged in count nine;

and 3) that Defendant was convicted under count five of the superseding indictment of violating 18 U.S.C. § 924(c)(1)(A)(i), not 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(c)(1)(A)(iii).

**SO ORDERED.**

s/Sandra L. Townes
/SANDRA L. TOWNES
United States District Judge

Dated: March 20, 2017
Brooklyn, New York